[Cite as *Rose v. Stanley*, 2014-Ohio-4951.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GENEVIEVE ROSE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 14-CA-23 |
| | : | |
| PHILLIP STANLEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Fairfield County Court of Common Pleas, Domestic Relations Division, Case No. 02 DR 434 |
| JUDGMENT: | REVERSED AND REMANDED |
| DATE OF JUDGMENT ENTRY: | November 3, 2014 |


APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee: | For Defendant-Appellant: |
| No Appellee Brief Filed | JASON A. PRICE<br>The Jason A. Price Law Group<br>A Legal Professional Assoc.<br>126 East Chestnut Street<br>Lancaster, OH 43130 |

*Delaney, J.*

{¶1} Defendant-Appellant Phillip Stanley appeals the February 12, 2014 default judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division.

## FACTS AND PROCEDURAL HISTORY

{¶2} Plaintiff-Appellee Genevieve Rose and Defendant-Appellant Phillip Stanley were divorced on September 7, 2004. One child was born of the marriage. Stanley was named residential parent of the child.

{¶3} On August 13, 2013, Rose was awarded custody of the child. The Fairfield County Child Support Enforcement Agency, on behalf of Rose, filed a Motion to Establish Child Support. The motion was set for hearing on January 10, 2014.

{¶4} All parties appeared for the January 10, 2014 hearing. The matter was continued until February 7, 2014 at the request of Stanley.

{¶5} On February 7, 2014, Stanley failed to appear at the hearing due to a conflict with his work schedule. He had attempted to continue the hearing by contacting the Fairfield County CSEA.

{¶6} The hearing went forward on February 7, 2014 before the magistrate. On February 12, 2014, the trial court issued a Default Judgment Entry ordering Stanley to pay child support in the amount of $591.64 per month, effective October 29, 2013. The Default Judgment Entry was signed by the magistrate and the trial court judge. The Default Judgment Entry did not contain Civ.R. 53(D)(3)(a)(iii) language.

{¶7} Stanley filed an appeal of the February 12, 2014 Default Judgment Entry. Stanley requested a transcript of the February 7, 2014 hearing though a form pursuant

to Loc.R. 28.0 of the Fairfield County Court of Common Pleas. The form stated the request could not be completed by the court because there was "no oral hearing." There was no electronic recording of the February 7, 2014 proceedings before the magistrate.

## ASSIGNMENT OF ERROR

{¶8}   Stanley raises one Assignment of Error:

{¶9} "THE COURT ERRED WHEN IT FAILED TO RECORD THE PROCEEDINGS PURSUANT TO CIV.R. 53(D)(7) AND FAIRFIELD COUNTY DOMESTIC RELATIONS COURT LOCAL RULES 19.4 AND 28.1"

## ANALYSIS

{¶10} Stanley argues the trial court erred when it failed to record the February 7, 2014 proceedings before the magistrate in contravention of Civ.R. 53(D)(7) and Loc.R. 19.4 and 28.1 of the Fairfield County Court of Common Pleas, Domestic Relations Division. Stanley states that without a recording of the hearing, Stanley cannot effectively assign as error the trial court's factual determination as to his income to calculate his child support obligation. We agree.

{¶11} Civ.R. 53(D)(7) states: "*Recording of proceedings before a magistrate.* Except as otherwise provided by law, all proceedings before a magistrate shall be recorded in accordance with procedures established by the court."

{¶12} Loc.R. 19.4 of the Fairfield County Court of Common Pleas, Domestic Relations states:

> **Proceedings.**
>
> (1) All proceedings before the magistrate shall be in accordance with these rules and any applicable statutes, as if before the court.
>
> (2) Except as otherwise provided by law, all proceedings before the magistrate shall be recorded in accordance with procedures established by the court.

{¶13} Loc.R. 28.1 of the Fairfield County Court of Common Pleas, Domestic Relations Division states:

> **Recording of Proceedings.** Unless otherwise ordered by the Court, all matters of record shall be preserved by electronic recording. In any *in chambers* proceedings, if counsel for any party desires that a record be made, said counsel shall notify the court, in writing, at least three full working days prior to the time of the scheduled proceeding, of counsel's desire for a record.

{¶14} It has been stated that the rule to record a magistrate's hearing "'was adopted in part to assure that there is no shoddy or irregular practice regarding the recording of magistrate's hearings throughout the state.' *Moyers v. Moyers* (June 18, 1999), 11th Dist. No. 98-A-0080 (discussing the former provision, Civ.R. 53(D)(2), that was identical in wording). The Eleventh District has stated: 'This court notes that it has made it abundantly clear to the judges of this trial court that a renewed practice of not providing a formal record of the proceedings before the magistrates of that court would

not be countenanced, except under the most narrow of justifiable circumstances, viz. the unknown malfunction of an official reporting device.'" *Gobel v. Rivers*, 8th Dist. Cuyahoga No. 94148, 2010-Ohio-4493, ¶ 27-28.

{¶15} In *Gobel*, the Eighth District Court of Appeals found it was harmless error when the magistrate failed to record a contempt hearing because the plaintiff waived the child support arrears. *Id.* at ¶ 24. In the present case, Stanley disputes the basis of the magistrate's determination as to Stanley's income to calculate his child support obligation.

{¶16} Stanley did not file objections to the February 21, 2014 judgment entry prior to his appeal. We find Stanley was not obligated to file objections to the judgment entry prior to his appeal of the same. The judgment entry was signed by the trial court judge and the entry did not contain language pursuant to Civ.R. 53(D)(3)(a)(iii) designating the judgment entry as a magistrate's decision or informing that a party may not assign as error on appeal unless the party specifically objects to the factual finding or legal conclusion.

{¶17} Accordingly, we sustain Stanley's sole Assignment of Error.

## CONCLUSION

{¶18} The February 12, 2014 Default Judgment Entry of the Fairfield County Court of Common Pleas, Domestic Relations Division is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion and law.

By: Delaney, J.,

Hoffman, P.J. and.

Baldwin, J., concur.